BRYAN CAVE LLP
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Robert J. Esposito, California Bar No. 267031
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone:   (415) 268-2000
Facsimile:   (415) 268-1999
Email:   marcy.bergman@bryancave.com
          stephanie.blazewicz@bryancave.com
          robert.esposito@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>TWIN TIGER FOOTWEAR, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 12 4905<br><br>COMPLAINT FOR<br><br>(1) FEDERAL TRADEMARK INFRINGEMENT<br>(2) FEDERAL FALSE DESIGNATION OF ORIGIN<br>(3) TRADEMARK DILUTION<br>(4) CALIFORNIA STATUTORY UNFAIR COMPETITION<br>(5) COMMON LAW UNFAIR COMPETITION<br>(6) CALIFORNIA STATUTORY TRADEMARK DILUTION<br><br>DEMAND FOR JURY TRIAL |

1.   Plaintiff AirWair International Ltd. is a wholly owned subsidiary of R. Griggs Group Ltd. and is engaged in the design, manufacture, marketing and sale of Dr. Martens® footwear (AirWair International Ltd. and R. Griggs Group Ltd. are referred to collectively hereafter as "AirWair").  AirWair International Ltd. and its parent company, R. Griggs Group Ltd., are companies of the United Kingdom, located and doing business

1  at Cobbs Lane, Wollaston, Wellingborough, Northamptonshire, NN29 7SW, United Kingdom.

2. On information and belief, defendant Twin Tiger Footwear, Inc. ("Twin Tiger") is a California Corporation, with its principal place of business in California. Twin Tiger markets, distributes and sells clothing and footwear products in the United States and within this District. Twin Tiger's footwear products are the subject matter of this action.

3. On information and belief, Twin Tiger imports footwear manufactured in China into the United States from a number of Chinese companies, including Shantouhengtai Footwear Co., Ltd.; Wenzhou Huarui Holdings Co., Ltd.; Shenzhen Carens Trading Co., Ltd.; Long Yuan Shoes Co. Ltd.; and Guangdong Laotesi Enterprise Co., Ltd. AirWair is without information or belief as to which manufacturer supplied the infringing footwear that is the subject of this action.

4. Defendants sued as DOES 1 through 50 are persons or entities whose identities are not yet known to AirWair ("Doe Defendants"). AirWair will seek leave of Court to substitute their true names when they become known.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction under 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a), in that this case arises under the trademark laws of the United States, 15 U.S.C. §§ 1051 et seq.

6. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Twin Tiger conducts business within this District and have engaged in, and continue to engage in, acts of advertising and offering services and retail goods and products to consumers located within this District.

**FACTUAL ALLEGATIONS**

8. AirWair is headquartered in the village of Wollaston, England and, through

1  its predecessor company, has manufactured footwear since 1901. AirWair has been
2  manufacturing and marketing Dr. Martens® footwear since 1960.

3      9.    Since as early as 1984, AirWair has marketed and sold Dr. Martens boots,
4  shoes and sandals in the United States using a distinctive trade dress that features yellow
5  stitching in the welt area of the sole and a two-tone grooved sole edge. Dr. Martens classic
6  style boots also include a fabric heel tab. AirWair has also used a distinctive undersole
7  design consisting of a unique horizontal grid pattern known as the "DMS undersole
8  pattern" on its Dr. Martens footwear. These features will be referred to collectively
9  hereafter as the "Trade Dress".

10      10.    Dr. Martens footwear is widely recognized and extremely popular and has
11  achieved recognition as ranking among the world's greatest and most recognizable brands.
12  The distinctive Trade Dress of its iconic boots and shoes has been used by the company
13  since 1960 and is world famous. Over the past 25 years, millions of pairs of shoes, boots
14  and sandals with the distinctive Trade Dress have been sold in the United States.

15      11.    AirWair holds many registrations for its Trade Dress throughout the world
16  including the following registrations in the United States Patent and Trademark Office:

- "the combination of yellow stitching in the welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751, attached as **Exhibit 1**);
- the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750, attached as **Exhibit 2**);
- its DMS undersole design mark (Reg. No. 2,102,468, attached as **Exhibit 3**, the "DMS Design Mark");
- "the design of a sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349, attached as **Exhibit 4**); and
- "longitudinal ribbing and a dark color band over a light color on the outer sole edge, welt stitching, and a tab at the top back heel of footwear" (Reg. No. 2,341,976, attached as **Exhibit 5**).

1  All of the above trademarks (the "Trade Dress Marks") have been in use for 50 years, and
2  have been used in the United States since 1984.
3     12.  AirWair has filed declarations of continued use under Sections 8 and 15 of
4  the Lanham Act and the trademark registrations referenced in Exhibits 1, 2 and 3 have
5  become incontestable.
6     13.  AirWair celebrated the 50th anniversary of its classic Dr. Martens footwear
7  with its distinctive Trade Dress including yellow welt stitching, two-tone grooved sole
8  edge and the DMS Design mark. Examples of classic Dr. Martens footwear, including the
9  iconic 1460 boot, 1461 Gibson, and DMS undersole are shown below.



14.  The distinctive Dr. Martens Trade Dress as described in the trademark registrations attached as Exhibits 1–5, individually and taken together, is distinctive or has acquired distinctiveness, and is non-functional.

15.  AirWair is informed and believes that Twin Tiger has in the past and continues to manufacture, market, distribute and sell boots and shoes that are confusingly similar to and which unlawfully copy the distinctive Dr. Martens Trade Dress in violation of its rights in the registered Trade Dress Marks. The infringing footwear manufactured, marketed and sold by Twin Tiger include, without limitation, the "Frankie Hi" and

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

1  "Frankie Low" style names, which are marketed and sold under the brand name "Vintage"
2  (the "Infringing Footwear"). The footwear advertised as "Frankie Hi" is pictured in
3  **Exhibit 6** attached hereto. The footwear advertised as "Frankie Low" is pictured in
4  **Exhibit 7** attached hereto.

5      16.  The Infringing Footwear unlawfully copies and uses the distinctive Dr.
6  Martens Trade Dress, including the distinctive yellow welt stitching and two-tone grooved
7  sole edge. The Infringing Footwear also uses an undersole pattern that copies the Dr.
8  Martens DMS undersole pattern. The overall configuration and appearance of the
9  Infringing Footwear is virtually identical to the iconic Dr. Martens 1460 boot, and the
10  DMS undersole pattern, as shown below, and is likely to cause confusion as to the source,
11  sponsorship or origin of the Infringing Footwear:

   

**Genuine Dr. Martens® 1460 Boot**     **Twin Tiger "Frankie Hi" Boot**

   

**Genuine Dr. Martens® 1460 Undersole**     **Twin Tiger "Frankie Hi" Undersole**

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105



**Twin Tiger "Frankie Hi" Boot Stitching and Sole Edge**

17.  The Infringing Footwear is offered for sale, advertised and promoted in the United States, including in this District.

18.  Plaintiff is informed and believes that the infringing footwear is regularly sold in California and in the Northern District of California. True and correct images of Infringing Footwear purchased at DB Shoes, 150 Kearny St., San Francisco, CA and a receipt from the purchase thereof are attached hereto as **Exhibit 8** and **Exhibit 9**.

19.  Twin Tiger's offering for sale and sale of the Infringing Footwear is likely to cause and/or has caused confusion between Dr. Martens footwear and Twin Tiger's footwear.

20.  Twin Tiger's conduct in copying AirWair's registered Trade Dress Marks has been systematic and deliberate. Twin Tiger has copied the Trade Dress and the overall style and configuration of Dr. Martens boots and shoes as closely as possible in a deliberate and calculated attempt to trade upon the popularity and distinctive appearance and design of Dr. Martens footwear.

## ALLEGATION OF IRREPARABLE HARM

21. By reason of Twin Tiger's acts, AirWair has suffered and will continue to suffer damage to its business, reputation and goodwill, and the loss of sales and profits AirWair would have realized but for Twin Tiger's acts. Unless restrained and enjoined, Twin Tiger will continue to engage in the acts complained of and irreparably damage AirWair. AirWair's remedy at law is not adequate to compensate AirWair for all the resulting injuries arising from Twin Tiger's actions.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in Violation of Lanham Act Section 32, 15 U.S.C. Section 1114)

22. AirWair realleges and incorporates by reference paragraphs 1 through 23 of this Complaint.

23. Twin Tiger has, on or in connection with footwear products, used in commerce subject to regulation by the U.S. Congress, a reproduction, counterfeit, copy or colorable imitation of AirWair's registered Trade Dress Marks in connection with the sale, offering for sale, distribution, and/or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

24. Twin Tiger has, on or in connection with footwear products, reproduced, counterfeited, copied and/or imitated AirWair's registered Trade Dress Marks and have applied such reproduction, counterfeit, copy and/or colorable imitations to signs, displays, advertisements, promotional materials, packaging, website content, and other materials used in commerce in connection with the sale, offering for sale, distribution, or advertising of goods and services, which use is likely to cause confusion, or to cause mistake, or to deceive.

25. Twin Tiger is acting and have acted with knowledge that their unlawful copying and use of AirWair's registered Trade Dress Marks are counterfeit and such imitation is intended to cause confusion, or to cause mistake, or to deceive.

26. Twin Tiger's acts are in violation of 15 U.S.C. § 1114, and AirWair has been

1 and is likely to be damaged by these acts.

## SECOND CLAIM FOR RELIEF

### (Federal Unfair Competition and False Designation of Origin in Violation of Lanham Act Section 43(a), 15 U.S.C. § 1125(a))

27. AirWair realleges and incorporates herein by reference paragraphs 1 through 28 of this Complaint.

28. Twin Tiger's unlawful copying and use of AirWair's registered Trade Dress Marks in connection with their footwear products is a false and misleading designation of origin and a false and misleading representation of facts, which:

    (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Twin Tiger with AirWair, or as to the origin, sponsorship, or approval of Twin Tiger's goods or commercial activities by AirWair; and/or

    (b) in commercial advertising or promotion, misrepresent the nature, characteristics, or qualities of Twin Tiger's goods, services, or commercial activities.

29. Twin Tiger's acts are in violation of 15 U.S.C. § 1125(a), and AirWair has been and is likely to be damaged by these acts.

## THIRD CLAIM FOR RELIEF

### (Federal Trademark Dilution in Violation of Lanham Act Section 43(c), 15 U.S.C. § 1125(c))

30. AirWair realleges and incorporates herein by reference paragraphs 1 through 31 of this Complaint.

31. AirWair's Trade Dress is distinctive and famous in the United States. Twin Tiger has used and are using trade dress on their footwear products which is substantially indistinguishable from AirWair's registered Trade Dress marks, after AirWair's marks became famous.

32. On information and belief, Twin Tiger acted with knowledge of the fame and

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

reputation of the Dr. Martens Trade Dress Marks with the purpose of usurping such rights and to willfully and intentionally confuse, mislead, and deceive members of the public.

33. Twin Tiger's actions have and are likely to dilute, blur and tarnish the distinctive quality of the Trade Dress Marks, and lessen the capacity of AirWair's marks to identify and distinguish the company's products.

34. Twin Tiger's acts are in violation of 15 U.S.C. § 1125(c), and AirWair has been and is likely to be damaged by these acts. Unless Twin Tiger is restrained, AirWair will continue to suffer damages and injury to its reputation and goodwill.

35. Because Twin Tiger acted willfully and intentionally to trade on AirWair's reputation and/or cause dilution of AirWair's famous Trade Dress, AirWair is entitled to damages, extraordinary damages, fees and costs pursuant to 15 U.S.C. § 1125(c)(2).

## FOURTH CLAIM FOR RELIEF

### (Unfair Competition in Violation of California Business & Professions Code Section 17200, et seq.)

36. AirWair realleges and incorporates herein by reference paragraphs 1 through 37 of this Complaint.

37. Twin Tiger's acts including the unlawful use and imitation of AirWair's registered Trade Dress Marks in connection with the manufacture, marketing, distribution and sale of footwear products constitutes an unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising, in violation of California Business and Professions Code §§ 17200, et seq.

38. Twin Tiger's pattern and practice of imitating AirWair's registered Trade Dress Marks in connection with their footwear products, and of trading upon AirWair's goodwill and reputation, constitutes an unfair business practice in violation of California Business and Professions Code §§ 17200, et seq.

39. Twin Tiger's conduct was willful, and AirWair has been and is likely to be damaged by these acts.

## FIFTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

40. AirWair realleges and incorporates by reference paragraphs 1 through 41 of this Complaint.

41. Twin Tiger's use and imitation of AirWair's registered Trade Dress Marks and the combination of its style features in footwear constitutes infringement, copying, imitation, and misappropriation of AirWair's intellectual property, unjust enrichment of Twin Tiger, and unfair competition with AirWair in violation of AirWair's rights under the common law of the State of California and other states of the United States.

42. Twin Tiger's willful acts of misrepresentation, fraud and deceit have unjustly enriched Twin Tiger and violated AirWair's rights.

## SIXTH CLAIM FOR RELIEF

### (Dilution in Violation of California Business & Professions Code Section 14330, et seq.)

43. AirWair realleges and incorporates by reference paragraphs 1 through 44 of this Complaint.

44. Twin Tiger has, in connection with their footwear products, used a trade dress that is substantially identical to AirWair's registered Trade Dress Marks and have caused a dilution of the distinctive quality of AirWair's footwear products and its Trade Dress Marks and the goodwill represented thereby.

45. AirWair's Trade Dress Marks have become famous, and Twin Tiger has used and are using a trade dress that is substantially identical to AirWair's marks, after AirWair's marks became famous.

46. Twin Tiger's actions have diluted, blurred and tarnished the strong and positive associations represented by AirWair's Trade Dress Marks, by lessening the capacity of AirWair's marks to identify and distinguish AirWair's products, and by causing AirWair's products and marks to be associated with footwear not made, sponsored or approved by AirWair.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105

47. Twin Tiger's acts are in violation of California Business & Professions Code sections 14330, et seq., and AirWair has been and is likely to be damaged by these acts.

### PRAYER FOR RELIEF

Wherefore, AirWair prays for judgment in its favor and against Twin Tiger:

A. A preliminary and permanent injunction enjoining Twin Tiger, its officers, shareholders, agents, servants, employees, attorneys, successors and assigns, suppliers, manufacturers, distributors, business partners, e-tailers, retailers, and those in privity with them, and those persons in active concert or participation with any of them who receive actual notice of the judgment by personal service or otherwise, from manufacturing, marketing, distributing or selling the Infringing Footwear or any other footwear products that use, imitate or copy any of AirWair's registered Trade Dress Marks, as illustrated in Exhibits 1–5, or any combination of them.

B. An Order directing Twin Tiger to file with this Court and serve on AirWair's counsel within 30 days after service of an injunction, a report under oath setting forth in detail the manner and form in which Twin Tiger has complied with the injunction.

C. An Order that (1) all point-of-sale materials, labels, signs, boxes, prints, catalogs, line sheets, marketing materials, internet web pages, metatags, packages, papers, other trade dress, and advertisements in the possession or control of Twin Tiger bearing images, illustrations, or representations of the enjoined footwear, Trade Dress, Dr. Martens® name, and undersole patterns, and all plates, molds, matrixes, and other means of making the same, be delivered to AirWair's counsel or destroyed; (2) that Twin Tiger disclose the identities of the vendors, manufacturers, retailers and etailers of the Infringing Footwear, sole molds, and undersole; (3) all footwear bearing any of the Trade Dress features identified in Exhibits 1–5 hereto, including but not limited to Frankie Hi and Frankie Low designated footwear be delivered to AirWair or destroyed; and (4) all internet advertising, including keywords, adwords, metatags, sponsored ads, links, and other advertising that uses or refers to Dr. Martens, DOCS, DMs, or any version of the registered Dr. Martens trademarks be immediately discontinued and removed from

1  operation or view.

2      D.    An accounting for Twin Tiger's profits arising from Twin Tiger's unfair competition and trademark infringement and an award of Twin Tiger's profits to Plaintiff, including disclosure of the number of pairs of Infringing Footwear sold in the United States and internationally and an accounting for the gross revenue derived from sale of the Infringing Footwear.

7      E.    An award of damages sustained by Plaintiff.

8      F.    In the alternative to actual damages and profits, an award of statutory damages in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods sold or offered for sale by Twin Tiger.

11     G.    An award of treble the actual damages awarded.

12     H.    Pre-judgment and post-judgment interest on the above damage awards.

13     I.    An award of costs and reasonable attorney's fees and expenses incurred by AirWair in connection with this action.

15     J.    Such other and further relief which this Court may deem just.

## DEMAND FOR JURY TRIAL

AirWair hereby demands a trial by jury.

Dated: September 19, 2012

**BRYAN CAVE LLP**

By: _____
    Marcy J. Bergman
    Stephanie A. Blazewicz
    Robert J. Esposito
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

BRYAN CAVE LLP
560 MISSION STREET, SUITE 2500
SAN FRANCISCO, CALIFORNIA 94105