**BRYAN CAVE LLP**
Marcy J. Bergman, California Bar No. 75826
Stephanie A. Blazewicz, California Bar No. 240359
Robert J. Esposito, California Bar No. 267031
560 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (415) 268-2000
Facsimile: (415) 268-1999
Email: marcy.bergman@bryancave.com
stephanie.blazewicz@bryancave.com
robert.esposito@bryancave.com

Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE

| | |
|---|---|
| AIRWAIR INTERNATIONAL LTD., a company of the United Kingdom,<br><br>Plaintiff,<br><br>vs.<br><br>TWIN TIGER FOOTWEAR, INC.; and DOES 1-50,<br><br>Defendants. | Case No. 12-cv-04905-PSG<br>Honorable Paul S. Grewal<br><br>**JOINT UPDATED CASE MANAGEMENT STATEMENT**<br><br>Date: April 30, 2013<br>Time: 10:00 a.m.<br>Courtroom 5, 4th Floor<br><br>*Both Counsel to Appear Telephonically*<br><br>Date Action Filed: September 19, 2012 |

**JOINT UPDATED CASE MANAGEMENT STATEMENT**

Plaintiff AIRWAIR INTERNATIONAL LTD. ("AirWair") and Defendant TWIN TIGER FOOTWEAR, INC. ("Twin Tiger"), by and through their attorneys of record, jointly submit the following updated case management statement:

1. <u>Jurisdiction and Service</u>: The Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338(a) in that the claims arise under the trademark laws of the United States, 15 U.S.C. §§ 1051 *et seq*. This Court has pendant jurisdiction under 28 U.S.C. § 1338(b), in that this case arises under claims joined with a substantial and related claim under the trademark laws of the United States. Twin Tiger has accepted service of process and filed its answer to the Complaint on January 24, 2013. There are no issues with personal jurisdiction or venue.

2. (a) <u>Facts</u>: AirWair is the owner of the famous Dr. Martens® trade dress for footwear and is the owner of several incontestable U.S. registrations for its trade dress in the United States Patent and Trademark Office, including "the combination of yellow stitching in the welt area and a two-tone grooved sole edge" (Reg. No. 2,437,751), the yellow "welt stitch located around the perimeter of footwear" (Reg. No. 2,437,750), its DMS undersole design mark (Reg. No. 2,102,468), and "the design of an sole edge including longitudinal ribbing, and a dark color band over a light color" (Reg. No. 2,104,349) (collectively "Trade Dress Marks"). Twin Tiger has manufactured, marketed, distributed and sold footwear in the United States, including the "Frankie Hi" boots and the "Frankie Low" shoes (referred to collectively as "Twin Tiger Footwear").

  

**Dr. Martens® 1460 Boot**          **Twin Tiger "Frankie Hi" Boot**

(b) <u>Disputed Facts</u>:

AirWair asserts that Twin Tiger intentionally copied the Dr. Martens Trade Dress, including the distinctive yellow welt stitching, two-tone grooved sole edge, and an undersole pattern that is substantially similar to the Dr. Martens DMS undersole pattern. The overall configuration and appearance of the Twin Tiger Footwear is virtually identical to the iconic Dr. Martens 1460 boot and 1461 Gibson model shoe, and is likely to cause confusion as to the source, sponsorship or origin of the Twin Tiger Footwear. Twin Tiger's use of the Trade Dress Marks in connection with its footwear is likely to cause consumers, the public, and the trade to erroneously believe that the products sold by Twin Tiger originate from AirWair, and/or that said products are authorized, sponsored, or approved by AirWair. This confusion weakens and dilutes the distinctive quality of the Dr. Martens Trade Dress Marks. AirWair has suffered, and will continue to suffer irreparable harm and damages as a result of Twin Tiger's advertisement, promotion, distribution, sale and offers of sale of the Twin Tiger Footwear.

Airwair contends that Twin Tiger sold more than 25,000 pairs of infringing Frankie Hi and Frankie shoes and boots, knowing that they were copies of Dr. Martens footwear, and that Twin Tiger continued to sell the infringing footwear after receipt of a cease and desist letter from Airwair.

Airwair contends that the facts in this case support an award of damages from Twin Tiger in the amount of its gross profits plus treble damages and attorneys' fees.

Twin Tiger denies each of Airwair's allegations of wrongdoing, intentional or otherwise.

3. <u>Legal Issues</u>: The principal issue of this case is whether the Twin Tiger Footwear intentionally copied the Dr. Martens Trade Dress Marks, and whether Airwair is entitled to recover damages under 15 U.S.C. § 1117, as well as treble damages and attorneys' fees as a result of the alleged intentional copying and knowing sale of knock-off footwear. The legal issues include whether Twin Tiger's acts described above are in violation of:

- 15 U.S.C. § 1114 (trademark infringement);
- 15 U.S.C. § 1125(a) and/or California Business & Professions Code §§ 17200 et. seq. (unfair competition and false designation of origin); and
- 15 U.S.C. § 1125(c)(1) and/or California Business & Professions Code Section 14330, et seq. (trademark dilution).

4. <u>Motions</u>: No motions have been made to date, and it is too soon to state whether the parties anticipate filing any motions.

5. <u>Amendment of Pleadings</u>: AirWair currently has no plans to amend its complaint. Twin Tiger currently has no plans to amend its answer.

6. <u>Evidence Preservation</u>: Each party has taken appropriate steps to preserve evidence relevant to the issues in this action, including interdiction of any document destruction programs and any ongoing erasures of e-mails, voice mails, and other electronically recorded material.

7. <u>Disclosures</u>: The parties have not yet completed the initial disclosure requirements of Fed. R. Civ. P. 26.

8. <u>Discovery</u>: AirWair served a single request for production of documents along with several informal requests for information on January 29, 2013 in aid of AirWair making a settlement proposal. Twin Tiger responded to the request on February 7, 2013.

9. <u>Class Actions</u>: This is not a class action.

10. <u>Related Cases</u>: There are no related cases.

11. <u>Relief</u>: AirWair seeks a judgment that Twin Tiger has infringed and diluted the Dr. Martens Trade Dress Marks; a preliminary and permanent injunction against any acts of infringement or dilution and related conduct; an order directing Twin Tiger to file an injunction report; an order directing that that all materials bearing or showing the enjoined footwear be delivered to AirWair's counsel or destroyed; an accounting of Twin Tiger's profits; actual damages, or in the alternative, statutory damages under 15 U.S.C. § 1117(c) in an amount of not more than $1,000,000 per counterfeit mark per type of services and/or goods; a judgment trebling any damages awarded pursuant to 15 U.S.C. §

1117; pre-judgment and post-judgment interest on the above damage awards; costs of suit and reasonable attorneys' fees as provided by law; and any other remedy which the Court may deem just.

12. <u>Settlement and ADR</u>: The parties have exchanged multiple written settlement proposals, but have not been able to reach a settlement as of the date of this updated case management statement. The parties have not yet met and conferred to select an ADR process pursuant to ADR L.R. 3-5.

13. <u>Consent to Magistrate Judge For All Purposes</u>: The parties consent to proceed before the Honorable Paul S. Grewal for all purposes.

14. <u>Other References</u>: This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15. <u>Narrowing of Issues</u>: The parties have not agreed on any stipulated summaries of facts or narrowing of issues.

16. <u>Expedited Trial Procedure</u>: This case is not appropriate for the expedited trial procedure.

17. <u>Scheduling</u>: Since the parties have been unable to reach a settlement as of the date of this updated case management statement, the parties request that the Court set a further case management conference in 30-days to enable the parties to propose a pre-trial schedule and trial date.

18. <u>Trial</u>: AirWair has requested a jury trial and expects that trial will last three days.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: AirWair has filed its "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Twin Tiger has not yet done so.

*[Remainder of this page intentionally left blank]*

20. <u>Other Matters</u>: None at this time.

Respectfully submitted,

Dated: April 23, 2013     **BRYAN CAVE LLP**

By: */s/ Robert J. Esposito*
    Marcy J. Bergman
    Robert J. Esposito
Attorneys for Plaintiff
AIRWAIR INTERNATIONAL LTD.

Dated: April 23, 2013     **THE THOMAS LAW GROUP**

By: */s/ Stephen Thomas*
    Stephen Thomas
    Tim C. Lin
Attorneys for Defendant
TWIN TIGER FOOTWEAR, INC.